IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAUNCEY T. CHARLES                                                            PLAINTIFF

        v.                      Civil No. 6:09-cv-06044

BRENT WENTWORTH,
Group Six Narcotics Enforcement
Unit, Clark County Sheriff's Office;
EDDIE KEATHLEY, Member of the
Group Six Narcotics Enforcement Unit;
and SAM HOUSE , Member of the
Group Six Narcotics Enforcement Unit                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Chauncey T. Charles (hereinafter Charles), filed this action pursuant to 42 U.S.C.

§ 1983.  He proceeds *pro se* and *in forma pauperis*.

On May 26, 2011 (Doc. 33, Doc. 34 & Doc. 35), Defendants filed a motion for summary

judgment.  On June 2, 2011, an order (Doc. 36) was entered directing Charles to complete an

attached notice regarding the summary judgment motion.  The notice required Charles to state

whether he would file a response to the summary judgment motion on his own or was requesting the

Court's assistance by the preparation of a questionnaire.

Charles was directed to return the attached notice by June 23, 2011.  Charles was advised

(Doc. 28) that if he failed to return the attached notice by June 23rd, the case would be subject to

summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

On June 28th, Defendants filed a motion to dismiss (Doc. 43).  Defendants ask that the case

be dismissed because Charles did not respond to the Court's order of June 2nd and his failure to

respond to the summary judgment motion.

To date, Charles has not returned the notice.  He has not requested an extension of time to

file the notice.  The Court's order was sent to the address contained on the docket sheet.  This address was provided to the Court by Charles.  The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Charles' failure to obey the order of the court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of August 2011.

/s/ Barry A. Bryant
 HON. BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE